NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

July 14, 2021

Robert J. Hahn
9 Fernwood Place
Parsippany, NJ 07054
*Pro se Plantiff*

Lance N. Olitt, Esq.
Kluger Healey, LLC
106 Apple Street
Suite 302
Tinton Falls, NJ 07724
*Counsel for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *Hahn v. Garden Savings Federal Credit Union et al.,*
**Civil Action No. 21-9686 (SDW) (ESK)**

Counsel:

Before this Court is Defendants Garden Savings Federal Credit Union ("Garden Savings") and Marilyn Cox's (collectively, "Defendants") Motion to Dismiss ("Motion") Plaintiff Robert J. Hahn's ("Plaintiff") Complaint (D.E. 1 ("Compl.")) pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 12(b)(1). This opinion is issued without oral argument pursuant to Rule 78. This Court has considered Defendants' unopposed submissions and, for the reasons discussed below, Defendants' Motion is **GRANTED**.

## DISCUSSION

### A. Background

Plaintiff is member of Garden Savings, a federal credit union, where Ms. Cox is employed as a Branch Manager. (D.E. 5-1 at 1.) On April 20, 2021, Plaintiff filed this Complaint, bringing his claims pursuant to 28 U.S.C. § 1331 ("Section 1331") and 42 U.S.C. § 1983 ("Section 1983"). (Compl. ¶ 1; id., Ex. 1.) As far as this Court can tell, Plaintiff raises claims based on alleged discrimination related to fee schedules and check cashing. (*See generally id.*) On May 17, 2021, Defendants moved to dismiss. (D.E. 5.) The motion is unopposed.

B. Standard of Review

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief") (citation omitted).

On a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). While *pro se* pleadings are to be liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim . . . [and] they cannot flout procedural rules—they must abide by the same rules that apply to other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A defendant may move to dismiss a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction facially or factually. *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial challenge to subject-matter jurisdiction "considers a claim on its face and asserts that it is insufficient to invoke the subject-matter jurisdiction of the court because, for example, it does not present a question of federal law ...." *Id*. at 358. In contrast, a factual challenge "is an argument that there is no subject matter jurisdiction because the facts of the case ... do not support the asserted jurisdiction." *Id*. Drawing this distinction is important because it "determines how the pleading must be reviewed." *Id*. at 357–58 (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). In analyzing a facial challenge, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto ...." *Constitution Party of Pennsylvania*, 757 F.3d at 348 (citing *In re Schering Plough Corp. Intron*, 678 F.3d at 243). Whereas in considering a factual challenge to subject-matter jurisdiction, the court "may look beyond the pleadings to ascertain the facts." *Constitution Party of Pennsylvania*, 757 F.3d at 348. Furthermore, in considering a factual challenge to subject matter jurisdiction, "the plaintiff's allegations enjoy no presumption of truthfulness, and [the plaintiff] bears the burden of establishing jurisdiction." *Meehan v. Taylor*, Civ. No. 12-4079, 2013 WL 4517943, at *2 (D.N.J. Aug. 26, 2013) (citations omitted).

C. Discussion

To state a claim under Section 1983, a plaintiff must allege the violation of a right "secured by the Constitution and laws of the United States," and "must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48

(1988). However, "Section 1983 does not create substantive rights." *See Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)); (D.E. 5-1 at 4.) Moreover, a Section 1983 claim only applies to "state conduct, not that of private citizens." *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (citing *Rendell-Baker Kohn*, 457 U.S. 830, 837-38 (1982)). Here, nothing in the Complaint suggests a viable Section 1983 claim. First, Defendants were not acting under "color of state law." (*See* D.E. 5-1 at 5.) Garden Savings is a financial co-operative owned by its members and Cox is an employee there, who was acting in accordance with its policies. (*See* D.E. 5-1 at 1; Compl. ¶ 3.) Second, the Complaint does not identify a federal law that could serve as a foothold for a Section 1983 claim. (*See generally* Compl. (listing general grievances regarding discrimination and excessive fees).) For this reason alone, Defendants' Motion must be granted.

Even if Plaintiff had stated a plausible claim to relief pursuant to Section 1983, which he has not, this Court lacks subject matter jurisdiction over Plaintiff's claims. Fed. R. Civ. P. 12(b)(1). A District Court has original jurisdiction over cases involving federal questions or diverse parties. *See* 28 U.S.C. §§ 1331, 1332. Pursuant to Section 1331, federal question jurisdiction exists where a claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Pursuant to Section 1332, diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000 and is between 'citizens of different states.'" *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citing 28 U.S.C. § 1332(a)(1)).

Neither statute is satisfied here. Although Garden Savings was established through the Federal Credit Union Act, 12 U.S.C. § 1752 *et seq.*, this does not imply that the credit union is subject to federal question jurisdiction. *See Jones v. Philadelphia Fed. Credit Union*, Civ. No. 92-2155, 1992 WL 132500, at *1 (E.D. Pa. June 3, 1992) (noting that two district courts in this circuit have held that no private or implied right of action exists under the code). Furthermore, because all parties are citizens of New Jersey, the requirements for diversity jurisdiction have not been met. As a result, this Court lacks jurisdiction over the Complaint and it must be dismissed.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Complaint is **GRANTED**. An appropriate order follows.

                                                ___/s/ Susan D. Wigenton_____
                                                **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Edward S. Kiel, U.S.M.J.